IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIAN K. FAILON,
      Appellant,

v.                                    Civil Action No. 3:16-cv-00317-JAG

COMPASS CHEMICAL
INTERNATIONAL, LLC,
      Appellee.

## OPINION

Compass Chemical International, LLC ("Compass"), filed a two-count complaint against a debtor in bankruptcy, Brian K. Failon, in the U.S. Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), thus initiating an adversary proceeding. On March 29, 2016, the Bankruptcy Court entered an order granting Compass's partial motion for summary judgment (the "Order"). On May 26, 2016, Failon filed a notice of appeal. Compass moved to dismiss the appeal as untimely. Because the Order does not qualify as a final order, however, the Court dismisses the appeal for lack of jurisdiction.

District courts have jurisdiction over appeals from orders entered in bankruptcy court, specifically "from final judgments, orders, and decrees," or from certain interlocutory, or non-final, orders. 28 U.S.C. § 158(a); *see In re Robinson*, 194 B.R. 697, 699–700 (Bankr. N.D. Ga. 1996). In the bankruptcy context, a "final order" is one that resolves a discrete dispute within the larger bankruptcy proceeding. *In re Computer Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986); *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983) (Breyer, J.)). "Most adversary proceedings . . . will satisfy the . . . test of being discrete disputes within the larger case . . . ." *Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir. 1985) (citation omitted). In other words, the adversary

proceeding itself is the discrete dispute, so an order ending an adversary proceeding would qualify as a final order, ripe for appeal.

Courts generally do not parse even further to find discrete disputes within the discrete dispute of the adversary proceeding. *See, e.g., In re Moody*, 825 F.2d 81, 85–86 (5th Cir. 1987) ("Where . . . parties bring multiple claims or seek multiple forms of relief in a single adversary proceeding, as a general rule finality for appeal purposes does not occur until the court has settled all the issues pending between the parties in that proceeding."); *In re Robinson*, 194 B.R. at 700 ("Partial summary judgments . . . very rarely give rise to a final order for the purposes of appeal.") (citing *Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.)*, 14 F.3d 1380, 1383 (9th Cir. 1994)). For example, in a situation similar to this case, the Second Circuit explained:

> The disposition of a discrete dispute is generally considered to be the resolution of an adversary proceeding within the bankruptcy action. This pragmatic approach to finality permits the courts to address the specific needs of complex bankruptcy proceedings, but does not overcome the general aversion to piecemeal appeals. In the action now before us, the discrete dispute is the adversary proceeding commenced by LTV in 1988 consisting of two claims. The bankruptcy court's orders granting partial summary judgment did not resolve the discrete dispute, but instead disposed of only one of the pending claims. The [other claim] still remains to be decided.

*In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990).

In this case, the Order granted Compass's partial motion for summary judgment as to Count II of the complaint. The Order did not resolve Count I, meaning the Order was an interlocutory order within the adversary proceeding—not a final order.[1] Because the Order is

---

[1] In his opposition, Failon admits that he appealed an interlocutory order. (Opp'n Mot. Dismiss 1.) In its reply, Compass states that the parties and the Bankruptcy Court understood Count I as moot because Compass abandoned the claims underlying Count I. (Reply Supp. Mot. Dismiss

neither a final order nor an appealable interlocutory order, *see* 28 U.S.C. § 158(a), the Court does not have appellate jurisdiction. Accordingly, the Court dismisses the appeal for lack of jurisdiction and remands the case to the Bankruptcy Court. Once the Bankruptcy Court resolves Count I of the complaint, the Order "will become part and parcel of [the] final order, and it may be appealed at that time." *In re Robinson*, 194 B.R. at 701.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: September 2, 2016
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge

---

2–3.) Yet nothing on the record reflects this understanding. From this Court's perspective, the Order speaks only to Count II, as does Compass's partial motion for summary judgment. (*See* Mot. Partial Summ. J., *Compass Chem. Int'l, LLC v. Failon (In re Failon)*, AP No. 11-03229-KLP (Bankr. E.D. Va. June 26, 2015), ECF No. 50). Nothing on the record reflects resolution of Count I or the discussions between the parties and the Bankruptcy Court regarding Count I. While Compass correctly states that the Bankruptcy Court need not employ explicit language to formally close an adversary proceeding, the Bankruptcy Court does need to "settle[] all the issues pending between the parties in that proceeding." *In re Moody*, 825 F.2d at 85–86.